AO 245 B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| VS. | |
| LAWRENCE MCNEIL | CASE NUMBER: 1:07-CR-0288-02<br>USM NUMBER: 15837-067 |
| | Ann E. Ariano, Esquire<br>Defendant's Attorney |

**THE DEFENDANT:**
[X] pleaded guilty to a  one count Information  .
[ ] pleaded nolo contendere to count(s)_____.
    which was accepted by the court.
[ ] was found guilty on count(s)_____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1012 | False Statements to HUD | December 31, 2006 | -1- |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[ ] Count(s)_____(is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: November 20, 2007

_____
J. ANDREW SMYSER
U.S. MAGISTRATE JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

Nov. 20 2007
_____
Date

Defendant: **LAWRENCE MCNEIL**  
Case Number: **1:07-CR-288-02**

Judgment-Page __2__ of __5__

## PROBATION

**The defendant is hereby placed on probation for a term of __two (2) years__.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
[ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable).

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

**The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions listed below:**

1. The defendant shall remain at his residence for a period of six months unless given permission in advance by the probation officer to be elsewhere. The defendant shall maintain a telephone without special features at his place of residence for the six month period. The probation officer shall make provisions for the defendant's absence from his residence for employment, school attendance, medical services, religious services, and necessary shopping. Said home detention shall commence as directed by the probation officer and may be electronically monitored. The fee for electronic monitoring is waived.

2. The defendant shall pay the restitution imposed by this judgment in minimum monthly installments of no less than $100.00.

## STANDARD CONDITIONS OF PROBATION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.
15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.
16) the defendant shall notify the Court and U.S. Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.
17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessments.
18) the defendant shall provide the Probation Officer with access to any requested financial information.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____    _____

Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

AO 245 B (Rev. 06/05)

Defendant: **LAWRENCE MCNEIL**  Judgment-Page  4  of  5
Case Number: **1:07-CR-288-02**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 25.00 | $ 0.00 | $ 13,315.00 |

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non federal victims must be paid before the United States is paid.

| NAME OF PAYEE | TOTAL LOSS | RESTITUTION ORDER | PRIORITY OF PERCENTAGE |
|---|---|---|---|
| **SEE PSI** | | | |
| TOTALS | _____ | _____ | _____ |

[ ] Restitution amount ordered pursuant to plea agreement $_____.

[ ] The defendant shall pay interest on restitution and fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

**[X] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:**
    **[X] the interest requirement is waived for the** [ ] fine **[X] restitution.**
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

**Defendant: LAWRENCE MCNEIL**                                              Judgment-Page  5  of  5
**Case Number: 1:07-CR-288-02**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are be due as follows:

**A [X] Lump sum payment of $ 13,340.00 due immediately and**
    [ ] not later than_____or
    **[X] in accordance with [ ] C, [ ] D, [ ] E [X] F below**; or
**B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or**

**C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
       _____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or**
**D [ ] Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
       _____(e.g., months or years), to commence_____(e.g., 30 or 60 days) after release from
imprisonment to a term of Supervision; or**
**E [ ] Payment during the term of supervised release will commence within _____(e.g., 30 or 60 days) after release
from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that
time; or**
**F [X] Special instructions regarding the payment of criminal monetary penalties:**

       **1. The defendant shall pay the balance of the restitution imposed by this judgment in minimum monthly
installments of no less than $100.00.**

       Unless the court has expressly ordered  otherwise, if this judgment imposes imprisonment payment of criminal
monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the
Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**[X] Joint and Several**
       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.

LORI MCNEIL          1:07-CR-288-01                                          $13,315.00

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court
costs.